IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01265-STV

MITCH HUER,

    Plaintiff,

v.

UNITED RENTALS, INC.,

    Defendant.

_____

**ORDER**
_____

Chief Magistrate Judge Scott T. Varholak

    This civil action is before the Court upon Plaintiff's Motion to Dismiss (the "Motion") seeking to voluntarily dismiss this matter. [#21] The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [## 12, 14] For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** this case **WITHOUT PREJUDICE**.

    This matter was removed to this Court on May 7, 2024. [#1] Defendant filed a Motion to Dismiss on January 6, 2025. [#21] In the Motion, Plaintiff indicates that "[u]pon further investigation Plaintiff believes that damages are less than the $75,000 jurisdictional threshold for removal to the United States District Court." [*Id*. at 1] The Motion does not identify what "further investigation" caused Plaintiff to change his damages estimate from the $108,384.50 originally sought in the Complaint. [#7] Defendant does not oppose the Motion, but asks that the Court, pursuant to Federal Rule

1

of Civil Procedure 41(a)(2), impose two conditions on the dismissal: (1) that Plaintiff agree not recover or seek more than $74,999.99, and (2) that Plaintiff pay defendant the costs incurred in this action before any new action can proceed. [#23 at 10] Plaintiff does not oppose the first condition but does oppose the second condition. [#25 at 1] Alternatively, Plaintiff asks that any imposition of costs incurred be limited to those described in 28 U.S.C. 1920.

Rule 41(a)(2) provides that, after the opposing party serves an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quotation omitted). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Id*. (quotation omitted). "[P]rejudice is a function of ... practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id*. (quotation omitted). "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case." *Id*. (quotation omitted). "[I]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id*. (quotation omitted). "The district court, however, should impose only those conditions which actually will alleviate harm to the defendant." *Id*. (quotation omitted).

2

Here, the Court concludes that two conditions should be imposed upon dismissal. First, Plaintiff may not recover or seek more than $74,999.99 should he refile this action in state court. Plaintiff has already agreed to that condition. Second, Plaintiff may not refile this action until he pays Defendant the $405 filing fee Defendant incurred in removing this action from state court. Plaintiff has not provided an explanation for his changed damages calculation (or why he could not have concluded earlier that the damages were under $75,000) and Defendant needlessly incurred the $405 in filing fees based upon the representation that damages were $108,384.50, thereby prejudicing Defendant. Defendant has not identified any other prejudice that it incurred by having the matter removed to this court (as opposed to having been maintained in state court) and, therefore, the Court does not impose any other conditions upon removal.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Dismiss [#21] and this matter is **DISMISSED WITHOUT PREJUDICE**. This dismissal is premised upon the following two conditions: First, Plaintiff may not recover or seek more than $74,999.99 should he refile this action in state court. Plaintiff has already agreed to that condition. Second, Plaintiff may not refile this action until he pays Defendant the $405 filing fee Defendant incurred in removing this action from state court.

DATED: February 11, 2025                    BY THE COURT:

                                                                              s/Scott T. Varholak
                                                                              Chief United States Magistrate Judge